HUNTINGTON and Another *v.* FORKSON, 6 Hill, 149.

In S. Ct. reported 7 Wend. 463, under the title of *The People ex rel. Rose-kranz* v. *Haskins, Sheriff of Rensselaer,* on application by judgment cred-itor who had offered to redeem lands sold, for a *mandamus* to sheriff to de-liver a deed, &c.

*Judgment Creditor's right of Redemption of Lands sold under execution ; Whether " a Rent Charge with Clause of Distress" may be sold on Execution ?*

UPON the original motion for a mandamus on behalf of the redeeming creditor, the Supreme Court held at the special term, Nov. 1831, that he was entitled to a *mandamus* to the sheriff to deliver a deed. Mr. Justice Sutherland, presiding, decided as follows :

1. A rent charge, that is, a rent reserved upon *a lease in fee*, containing a *clause to enter and distrain for rent*, is an *interest in land* which is bound by a judgment and may be sold on execution as real estate, and forms a *specific portion* of the premises òn which it is charged ; a *rent seck* is not such an interest.

2. The provisions of the Revised Statute by which a cred-itor whose judgment is a *lien* on a *specific portion only* of any lot or tract of land sold, *may redeem the whole*, applies as well to sales made before, as since those statutes went into operation.

3. If a deed has been improvidently executed to the pur-chaser, and a sheriff is subsequently directed to execute a

deed to the redeeming creditor, the court will not direct the first deed to be cancelled, but leave the creditor to enforce his rights as he shall be advised. A *mandamus* was granted accordingly, Mr. Justice Sutherland observing—" We never order a deed to be cancelled, given under such circumstances. It may be questionable whether the court have authority to make such an order."

The question of the right of Rosekranz to redeem was afterwards brought before the Supreme Court upon a special verdict in this action of ejectment, in which the purchasing creditor, Huntington, and Payne, the debtor in the judgment under which Huntington bought were plaintiffs, and Forkson, the tenant, defendant.

That Court held, as before, that Rosekranz had the right of redemption and rendered judgment against the plaintiffs for the reasons stated in their opinion on the foregoing motion for the *mandamus*. Huntington and Payne thereupon brought error. 6 Hill, 149—150.

The Court of Errors held as follows:

1. Under the Act of 1820, relating to the redemption of lands sold on execution, a creditor whose judgment was a lien on only a *part* of the premises sold, acquired no right to redeem the whole.

2. The provision in the Revised Statutes giving this right applies only to sales made after the first of January, 1830, and was not intended to operate *retrospectively,* so as to interfere with purchases previously made; and the lands in question having been sold on execution in October, 1829, a judgment creditor, whose lien extended only to a *portion* of the property sold, and who sought to redeem the whole under the Revised Statutes, had no such right of redemption."

As to whether a *rent-charge* reserved upon a lease in fee can be sold on execution as *real estate* and redeemed by a judgment creditor, the two Senators who delivered opinions declined to examine the question.